UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

20-CR-17 (JLS) (MJR)

TERRANCE PURDUE,

Defendant.

---

### DECISION AND ORDER

Defendant Terrance Purdue is charged in a nine-count superseding indictment with possessing various controlled substances with intent to distribute, using and maintaining a drug-involved premises, and possessing firearms in furtherance of drug trafficking on October 26, 2019. *See* Dkt. 49.[1] United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 10.

Purdue moved to suppress physical evidence seized during the October 26, 2019 search of his residence in Amherst, New York, and submitted a supporting affirmation of standing. *See* Dkt. 13 ¶¶ 78-84; Dkt. 14.[2] The government responded

---

[1] Purdue initially was charged in a three-count indictment. *See* Dkt. 8. After Judge Roemer issued the R&R, the government superseded the indictment. At arraignment on the superseding indictment, the parties advised that they would not file additional motions.

[2] Purdue filed other motions as well, including a motion for a *Franks* hearing (Dkt. 13 ¶¶ 85-89) and omnibus discovery motions. *Id.* ¶¶ 3-77.

in opposition. *See* Dkt. 15. At a status conference regarding Purdue's motions, Judge Roemer asked the government to provide *in camera* testimony regarding the state search warrant issued for Purdue's residence.[3] *See* Dkt. 17.

On January 14, 2021, Judge Roemer held an evidentiary hearing on Purdue's motion to suppress. The parties submitted post-hearing briefs and responses. *See* Dkts. 40-43. Judge Roemer heard oral argument on Purdue's pretrial motions, including his motion to suppress, on April 26, 2021. *See* Dkt. 45. On May 26, 2021, Judge Roemer issued a Report, Recommendation and Order ("R&R"), recommending that this Court deny Purdue's motion to suppress.[4] Dkt. 43.

Purdue objected to the R&R on July 9, 2021.[5] First, Purdue objects to the R&R's conclusion that he consented—verbally and non-verbally, via a hand gesture—to Officer Rusch approaching the curtilage of his residence to inspect a broken window. *See* Dkt. 53, at 4. Purdue argues that the R&R does not support concluding that he consented because it relies on inconsistent testimony by Officer Rusch and an analysis that "lacks a logical foundation." *See id.* Second, Purdue objects to the R&R's conclusion that Officer Rusch saw contraband through the

---

[3] This Court also was provided with a copy of, and reviewed, the *in camera* testimony.

[4] Only the suppression motion is before the Court. Judge Roemer decided Purdue's other motions, and neither party objected. *See* Dkt. 43.

[5] The Court granted Purdue's unopposed request for an extension of time to file objections and, later, granted the government's unopposed request for an extension of time to respond. *See* Dkt. 48, 55.

broken window and argues that Officer Rusch instead must have "pushed open the front door when he knew he lacked consent to do so." *See id.* at 8. The government responded in opposition, and Purdue replied. *See* Dkts. 56, 57.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

Purdue's objections amount to disagreement with Judge Roemer's credibility determinations. *See* Dkt. 53, at 2 (asking the Court to reject Judge Roemer's conclusions and "conduct its own credibility determination as to Officer Rusch by reopening the hearing"). Where, as here, a magistrate judge "conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge"). After a careful, *de novo* review of the R&R, the transcript of the suppression hearing, the *in camera* testimony in support of the state warrant, the parties' briefing on objections, and the relevant record, the Court accepts and adopts Judge Roemer's findings of fact, credibility determinations, and conclusions.

3

The Court therefore accepts and adopts Judge Roemer's recommendation to deny Purdue's motion to suppress. For the reasons stated above and in the R&R, the Court DENIES Purdue's motion to suppress (Dkt. 14).

The parties shall appear before this Court on August 18, 2021, at 9:30 a.m. for a status conference to set a trial date.

SO ORDERED.

Dated:   August 16, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE